# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20548

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2016

Lyle W. Cayce
Clerk

BRITTNEY TERRY,

      Plaintiff–Appellee,

v.

STEVE KINNEY, Principal of Westfield High School; REX GROZIER;
CORBY MEEKINS,

      Defendants–Appellants.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1323

---

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

This case arises from an improper sexual relationship between Shae McCutchen, a former Westfield High School coach and health teacher, and Brittney Terry, a former student at Westfield. Terry reported the improper relationship to police and McCutchen pleaded guilty to the resulting charges. Terry filed this § 1983 complaint against Steve Kinney, Rex Grozier,[1] and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] While this appeal was pending, a Suggestion of Death of Rex Grozier was filed.

No. 15-20548

Corby Meekins, who were all supervisors of McCutchen at the time of the abuse, alleging that they violated her Fourteenth Amendment right to bodily integrity by failing to prevent or stop the improper relationship. The defendants each moved to dismiss on qualified immunity grounds, contending that Terry's Third Amended Complaint failed to allege facts sufficient to state a supervisory liability claim against them. The district court, acting on reports and recommendations issued by the magistrate judge, denied each motion. The defendants timely appealed.

"Qualified immunity protects governmental officials from liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[2] As the parties recognize, Terry had a clearly established liberty interest in her bodily integrity guaranteed by the Fourteenth Amendment that was violated by McCutchen's misconduct.[3] The defendants, as McCutchen's supervisors during the relevant period, may be held liable under 42 U.S.C. § 1983 if they "learned of facts or a pattern of inappropriate sexual behavior by [McCutchen] pointing plainly toward the conclusion that the subordinate was sexually abusing [Terry]" and "demonstrated deliberate indifference toward the constitutional rights" of Terry, if that failure to take action caused Terry a constitutional injury.[4]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] After carefully reviewing the complaint in light of the briefs and

---

[2] *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015) (quoting *Rockwell v. Brown*, 664 F.3d 985, 990 (5th Cir. 2011)), *petition for cert. filed* (July 25, 2016) (No. 16-128).

[3] *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 455 (5th Cir. 1994) (en banc).

[4] *Id*. at 454.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

oral argument, we conclude that the district court properly denied the defendants' motions to dismiss because the complaint adequately stated a plausible claim for relief.  First, the complaint's well-pleaded factual allegations, taken as true, support a conclusion that the defendants were aware of facts that "point[ed] plainly" to the abuse in question.[6]  The complaint alleges that Meekins "warned" McCutchen about the relationship; Kinney was told by Terry herself about rumors that Terry was pregnant with McCutchen's child; and Grozier, among other things, allegedly "knew of the multitude of rumors concerning . . . McCutchen having an improper sexual relationship." Second, the complaint adequately alleges that the defendants responded with deliberate indifference to Terry's constitutional rights.  According to the complaint, Kinney and Grozier each failed to take action in response to the rumors.  With regard to Meekins, though the allegations are thin indeed, we cannot say at this juncture whether something more than his warning to McCutchen about the relationship was "obviously necessary to prevent or stop the abuse."[7]

We thus conclude that the complaint alleged sufficient facts regarding all three defendants and AFFIRM the district court's denials of the defendants' motions to dismiss and REMAND for further proceedings.  Our decision is without prejudice to the defendants' right to reassert their defenses following further development of the case.

---

[6] *See Taylor Indep. Sch. Dist.*, 15 F.3d at 454.
[7] *Id.*

3